No. 32,036

Ruth Newberry, *Appellant*, v. The Atchison, Topeka & Santa Fe Hospital Association, *Appellee.*

(40 P. 2d 471)

Opinion filed January 26, 1935.

*Clyde P. Cowgill* and *Wm. M. Bradshaw,* both of Topeka, for the appellant.
*Bruce Hurd* and *C. J. Putt,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by plaintiff to recover damages for personal injury sustained by plaintiff as an employee of defendant. Liability was based on the factory act. A motion to strike out certain allegations of the petition was allowed, and plaintiff appeals.

The petition alleged plaintiff was chief cook at the Santa Fe hospital in Topeka, and her working place was in the kitchen, where food was prepared for patients and employees. There was a machine in the kitchen, commonly called a slicer, which was not properly safeguarded to prevent injury, the slicer being out of repair and the guard being useless. While plaintiff was using the slicer in course of her employment, two of her fingers were cut off.

The petition carefully avoided description of the slicer, what it was used for, and what plaintiff was doing when she was injured. To make a paper case under the factory act, the petition contained the following allegations:

"That said kitchen is and was a place wherein natural products and other articles and materials in a raw and unfinished and incomplete state and condition are converted into a new, improved and different form, and that said kitchen is and was a manufacturing establishment as defined in the factory act of the state of Kansas."

For the same purpose, the petition also contained the following:

"That the absence of said safeguard directly contributed to said injury and

said injury resulted as a consequence of the failure of the defendant to provide said kitchen with safeguards and precautions prescribed by the factory act of the state of Kansas for the purpose of preventing and avoiding injury to persons employed and laboring in said kitchen."

Whether a place is a manufacturing establishment is a question of·law for the court. The quoted allegations added nothing to the cause of action attempted to be stated, and were properly stricken.

The factory act defines manufacturing establishments as follows:

"Manufacturing establishments, as those words are used in this act, shall mean and include all smelters, oil refineries, cement works, mills of every kind, machine and repair shops."

The act then continues as follows:

"And, in addition to the foregoing, any. other kind or character of manufacturing establishment, of any nature or description whatsoever, wherein any natural products or other articles or materials of any kind, in a raw or unfinished or incomplete state or condition, are converted into a new or improved or different form." (R. S. 44-107.)

It will be observed the statute does not say "any other establishment where, etc." It says any other kind or character of "manufacturing establishment."

The result of operation of smelters, oil refineries, cement works, mills of every kind, and machine and repair shops is well understood. The statute classifies these places as manufacturing establishments. The result of operation of other kinds of manufacturing establishments is made things; wares, fabrics, goods, commodities, etc., and their finishing, completion, improvement, adaptation, etc. This description is not complete, but it is sufficiently indicative, and it excludes all notion of things culinary, and of home, hotel and hospital cuisine.

The kitchen is still a place much used in this country,·and it is the same kind of place, whether in a dwelling house or elsewhere. Whether it be small and furnished with few utensils, or be a department of some establishment, fully equipped with modern devices, it is a cook room, used for cookery. Whether the number of persons served be few or many, the function is the same, preparation of food for human consumption.

·A· patient in the Santa Fe hospital, on the way to recovery and so a little peevish, might request his nurse to go down to the factory and have the cook manufacture a poached egg for him. He might

even ask if the mechanic down there will make a bowl of soup for him. But when he gets better, he will drop the sarcasm.

Without further discussion, the court holds that when plaintiff pleaded she was in performance of her duties as cook in the hospital kitchen when she was injured, she excluded herself from benefit of the factory act.

The judgment of the district court is affirmed.